IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

    vs.                                                                                                 Criminal No. 20-52

JASON MALOS,

    Defendant

## OPINION AND ORDER

This matter is before the Court on Mr. Malos's Motion for Return of Property Pursuant to F. R. Crim. P. 41(g). (ECF No. 110). Mr. Malos seeks the return of $5,100 in United States Currency, which were seized by the Government during the investigation of this case. The Government filed a Response to the Motion, (ECF No. 112), to which Mr. Malos did not file a reply. For the reasons explained below, the Motion will be denied.

I.       Background

On February 18, 2020, Mr. Malos was charged in the above-captioned case with a two-count indictment. On February 25, 2022, Mr. Malos withdrew his plea of not guilty and pled guilty to Count 1, 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Fentanyl, a Schedule II Controlled Substance. Count 2 of the indictment was dismissed upon motion of the government. On June 22, 2022, pursuant to a plea agreement between the government and Mr. Malos, this Court ordered Mr. Malos to forfeit certain property associated with the offenses in the above-captioned matter, including U.S. currency, vehicles, and firearms. On June 22, 2022, the Court entered a Judgment against Malos, which included forfeiture of the defendant's interest in the following items:

      a.      $567 in United States currency;

      b.      a 2019 Chevrolet Silverado, Pennsylvania License Plate No. ZDK8281, VIN 1GCPYCEFXKZ387239 ("Chevrolet Silverado");

      c.      a Taurus 9mm PT111 G2A pistol, bearing serial number TLM34104;

      d.      a Taurus Curve 380 mm pistol, bearing serial number 15434FT;

      e.      20 rounds of .380 Barnes TAC-XPD ammunition; and

      f.      f. 20 rounds of 9mm Remington UMC ammunition

In addition to said forfeited items, the Federal Bureau of Investigation ("FBI") conducted administrative forfeiture proceedings against the assets described above during the pendency of Mr. Malos's criminal case. In addition to the assets listed above, the FBI conducted administrative forfeiture proceedings against $5,100.00. The total currency seized, $5,667.00, included $567.00 which had been seized from a pocket of a pair of pants, and which was listed in the criminal forfeiture allegations, and an additional $5,100.00, which had been seized from under the cushion of a chair. (ECF No. 112-1). On August 24, 2020, prior to Mr. Malos entering his guilty plea, the currency, totaling $5,667.00, was declared administratively forfeited. *Id*. at p. 25.

    II.    Applicable Law

Rule 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "A motion pursuant to Rule 41(g) is an equitable remedy." *See Contreras v. United States*, No. 4:12-MC-09017, 2012 WL 5835682, at *1 (W.D. Mo. Nov. 16, 2012). Relief under Rule 41(g) is not appropriate where a party has adequate remedy at law. *See In re One 2010 Toyota Tacoma*, No. 1:11-MC-238, 2011 WL 5238239, at *3 (M.D. Pa. Nov. 1, 2011).

III.  Discussion

Mr. Malos contends that, during the Government's investigation of Defendant, it confiscated $5,100 in U.S. currency but did not seek forfeiture of the same. Mr. Malos further argues that this currency is his property and not subject to forfeiture. In response, the Government maintains that Mr. Malos failed to challenge the administrative proceedings or file an administrative claim to contest the forfeiture of the $5,100.00. Therefore, the Government argues that the District Court lacks jurisdiction to hear this motion because Mr. Malos had an adequate remedy at law to do so.

When the value of the seized property is $500,000 or less, the Government may use the administrative forfeiture process governed by the customs laws, a process that does not involve the courts. See 21 U.S.C. § 881(d); 19 U.S.C. § 1607; *United States v. McGlory*, 202 F.3d 664, 669 (3d Cir.2000). The Court generally does not have jurisdiction to review an administrative forfeiture action, or to order the return of administratively forfeited property. *See McGlory*, 202 F.3d at 670 ("'[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property.'") (citing *Linarez v. United States Dep't of Justice*, 2 F.3d 208, 212 (7th Cir.1993)).

Once notice of administrative forfeiture has been disseminated, the property owner may obtain relief in one of two ways. *Menkarell v. Bureau of Narcotics*, 463 F.2d 88, 93 (3d Cir.1972). First, an owner may file a petition for mitigation in which the petitioner admits the validity of the seizure but requests relief due to mitigating circumstances. *Id*. Second, the petitioner may contest the forfeiture through administrative proceedings by filing a claim with the administrative agency. *Id*. If the property owner fails to file a timely claim, the administrative

agency shall declare the property forfeited, and title to the property shall vest in the United States. *See* 19 U.S.C. § 1609. If, however, the owner does file a valid claim, the administrative process halts, and the seizing agency must turn the matter over to the United States Attorney to commence a judicial forfeiture proceeding. *See* 19 U.S.C. § 1608; *McGlory*, 202 F.3d at 670. The government then has ninety days in which to initiate a judicial forfeiture proceeding in the District Court or return the property to the claimant. 18 U.S.C. § 983(a)(3)(A). The only issue the Court can review is whether the notice provided to Defendant regarding the administrative forfeiture comports with due process. *McGlory*, 202 F.3d at 670.

      Here, based upon the record before the Court, seizure of the $5,100 in currency was part of an administrative forfeiture proceeding. Thus, this Court would generally not have jurisdiction as long as the proceeding comported with due process. On June 8, 2020, as part of its administrative forfeiture proceedings, the FBI provided notice to Mr. Malos via mail while he was in custody at the Allegheny County Jail. (ECF No. 112-1 at p. 17). A return receipt card for said mailing was signed and dated June 10, 2020. *Id*. at p. 20. The FBI also contacted the Allegheny County Jail to confirm Mr. Malos's incarceration status during the time frame of the letter's delivery. *Id*. at p. 21. The FBI also mailed notice to Mr. Malos's attorney. *Id*. at p. 10. In addition, beginning on February 14, 2020 and ending on March 14, 2020, the FBI provided public notice through the internet site, www.forfeiture.gov. *Id*. at p. 23-24. Although filing a claim is required under 28 C.F.R. § 8.10, Mr. Malos did not file a claim to any of the property. On August 24, 2020, after deadline to file a claim had expired and public advertising had been completed, the FBI issued a Declaration of Forfeiture against the $5,667.00. *Id*. at p. 25. Mr. Malos presents no argument that these proceedings were procedurally deficient or in violation of his due process rights. Based upon this Court's review of the undisputed record, the documented

notices and opportunities to challenge the seizure were preserved in the administrative proceedings. Therefore, because this Court lacks jurisdiction of the administrative proceedings and because said proceedings had the proper procedural safeguards, Mr. Malos's Motion for Return of Property will be denied.

## ORDER

Following consideration of Mr. Malos's Motion for Return of Property Pursuant to F.R.Crim.P. 41(g). (ECF No. 110), the Government's Response (ECF No. 112), and for the reasons stated above, the Motion is denied.

Dated: August 26, 2022

BY THE COURT:

Marilyn J. Horan
United States District Judge